## Romik *v.* Sech, Appellant.

*Trial—Charge of court—Answer to point.*

A judgment will not be reversed because the trial judge in declining a point uses the following language: "I feel constrained by the authority of the Supreme Court as I understand it, and as it has been interpreted by other judges, to decline to affirm that point . . . . personally and without such authority I should be disposed to affirm this point as a proposition of law, but in the face of what I consider the authority of the Supreme Court, I feel bound to decline to affirm it."

Argued Jan. 14, 1904.   Appeal, No. 37, Jan. T., 1904, by defendant, from judgment of C. P. Luzerne Co., Dec. T., 1902, No. 292, on verdict for plaintiff in case of George Romik v. Mary Sech.   Before Rice, P. J., Beaver, Orlady, Smith, Porter, Morrison and Henderson, JJ.   Affirmed.

Ejectment for land in the borough of Nanticoke.   Before Wheaton, J.

At the trial defendant presented this point:

4. If the jury believe that the business transaction was, so far as the keeping of boarders and attending to their wants was conducted wholly and exclusively by Mrs. Mary Sech, then the earnings accruing from said business belong exclusively to the wife Mary Sech. *Answer :* As I stated before, under the law as I understand it, I am bound to affirm that point, although if it were a case before me without authority, I should decline to affirm it. [2]

Plaintiff presented this point:

2. That though certain people of the same nationality as the defendant and her husband, or of other nationalities, had rooms in the house occupied by the defendant and her husband, and that her husband, John Sech, was the tenant or renter of the building or premises, then the room rent paid by the different roomers was due to John Sech and was his money alone, and his wife, Mary Sech, though living with him in the said house, had no claim on the room money, according to the evidence in this case, and if the said money, or any part of it, was used in the purchase of the house and lot in question, for which the deed was placed in her name, then the said money was John Sech's money, and therefore you must take it that it was John Sech's money, if acquired as aforesaid, that paid for the said house and lot, and if he put the deed therefor in the name of his wife, Mary Sech, the defendant, then the conveyance or transaction was in fraud of his creditors then existing, among whom was George Romik, the plaintiff, and the verdict should be for the plaintiff for the land described in the writ. *Answer :* I feel constrained by the authority of the Supreme Court, as I understand it, and as it has been interpreted by other judges, to decline to affirm that point. This case arose between the passage of the acts of 1887 and 1893, and the decisions under the act of 1887 so far as they treat of money earned by a married woman where it is for care and attention to a boarder or for board or for care and attention to a renter in the house in which she lived with her husband,—apparently treat it as a portion of her separate earnings. Personally and without such authority, I should be disposed to affirm this point as a proposition of law; but in the face of what I consider the authority of the Supreme Court, I feel bound to decline to affirm it. [3]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (2, 3) above instructions, quoting them.


*John M. Garman* and *M. H. McAniff*, for appellant.—We respectfully submit that in the present case the court, by its expressed light treatment of the law as laid down by the Supreme Court, turned the minds of the jurors against the defendant and lost to her the verdict, and we think the judgment should be reversed.


*Frank A. McGuigan*, for appellee.


OPINION BY ORLADY J., April 18, 1904 :

In answer to the plaintiff's second point the learned trial judge stated, viz : "I feel constrained by the authority of the Supreme Court, as I understand it, and as it has been interpreted by other judges, to decline to affirm that point. . . . Personally and without such authority I should be disposed to affirm this point as a proposition of law, but in the face of what I consider the authority of the Supreme Court I feel bound to decline it." And in answer to the defendant's fourth point said, viz : " As I stated before, under the law as I understand it, I am bound to affirm that point, although if it were a case before me without authority, I should decline it." The case before us differs materially from Young v. Merkel, 163 Pa. 513, in which the objectionable language of the charge tended to throw doubt upon and discredit the defendant's testimony in relation to a contract and to convey to the jury the impression that in the opinion of the court it was unlikely that such a contract was made. Here the evidence was fairly and correctly submitted in a charge which is not challenged. The sole ground for complaint is in the answers to the two points above quoted. A careful examination of the record satisfies us that a retrial of the case would not change the result reached by the jury. In view of the fact that the trial judge had unqualifiedly affirmed the same legal propositions in his charge to the jury, it was not a reversible error for him to say, in answer to the points pressed upon him for a repetition of his views, that prior to the decision by the Supreme Court he had held differently. In this he but followed the annunciation of Judge SHARSWOOD in McKibbin v. Martin, 64 Pa. 352. A judge

has no right to adhere to his own favorite opinions, after they have been reversed or overruled. It is his duty to administer justice according to the law as it is settled, not according to his own notions of what it ought to be. On argument the first and fourth assignments were not pressed; the others are not sustained for the reasons given.

The judgment is affirmed.